# EXHIBIT A

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Robert S Glassman,Esq │ SBN: 269816<br>PANISH │ SHEA │ BOYLE │ RAVIPUDI LLP<br>11111 Santa Monica Blvd  700 Los Angeles, CA 90025<br><br>TELEPHONE NO.: (310) 477-1700 │ FAX NO. (310) 477-1699 │ E-MAIL ADDRESS<br>ATTORNEY FOR *(Name):* Plaintiffs: | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>8/16/2023 9:43 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By T. Jobe, Deputy Clerk** |

**INGLEWOOD SUPERIOR COURT**

STREET ADDRESS: ONE REGENT ST.

CITY AND ZIP CODE: INGLEWOOD, CA 90301

BRANCH NAME: INGLEWOOD

| | |
|---|---|
| PLAINTIFF/PETITIONER: LI ZHANG, an Individual; CHIA JOU LEE, an Individual<br>DEFENDANT/RESPONDENT: MENZIES AVIATION (USA) INC., a Corporation | CASE NUMBER:<br>23TRCV02576 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>23050448516 Zhang |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet
   e. ☐ Cross-Complaint
   f. ☑ other *(specify documents):* **See attached Document List**
3. a. Party served *(specify name of party as shown on documents served):*
   **MENZIES AVIATION (USA) INC., a Corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **CSC Lawyers Incorporating Service, Registered Agent, by serving Rebecca Vang - Authorized Agent**
   **Age: 30's | Weight: 120 | Hair: Black | Sex: Female | Height: 5'4 | Eyes: Brown | Race: Asian**
4. Address where the party was served:   **2710 Gateway Oaks Dr # 150**
   **Sacramento, CA 95833-3505**
5. I served the party *(check proper box)*
   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **8/14/2023**    (2) at *(time):* **9:43 AM**

   b. ☐ **by substituted service.**  On *(date):*  at *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*  from *(city):*    **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | |
|---|---|
| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | Code of Civil Procedure, § 417.10 |

**PROOF OF SERVICE OF SUMMONS**

POS010-1/LA428047

PETITIONER: LI ZHANG, an Individual; CHIA JOU LEE, an Individual

RESPONDENT: **MENZIES AVIATION (USA) INC., a Corporation**

CASE NUMBER: 23TRCV02576

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):* (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of **MENZIES AVIATION (USA) INC., a Corporation**
under the following Code of Civil Procedure section:

☑ 416.10 (corporation)      ☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association)      ☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
☐ 416.50 (public entity)      ☐ 415.46 (occupant)
     ☐ other:

7. **Person who served papers**

a. Name: **D'Angelo Emiliano Contreras - Nationwide Legal, LLC REG: 12-234648**

b. Address: **1609 James M Wood Blvd. Los Angeles, CA 90015**

c. Telephone number: **(213) 249-9999**

d. **The fee** for service was: **$ 172.80**

e. I am:

(1) ☑ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☐ registered California process server:

(i) ☐ owner      ☐ employee      ☐ independent contractor.

(ii) Registration No.:

(iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **8/14/2023**

**N** **Nationwide Legal, LLC**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**
**(213) 249-9999**
**www.nationwideasap.com**

_____
**D'Angelo Emiliano Contreras** ▶
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

**Nationwide Legal, LLC**
1609 James M Wood Blvd.
Los Angeles, CA 90015
Phone: (213) 249-9999   Fax: (213) 249-9990

Continued from Proof of Service

**CLIENT:**   PANISH | SHEA | BOYLE | RAVIPUDI LLP

**CLIENT FILE #:**   23050448516 Zhang                    **DATE:**   August 14, 2023

**SUBJECT:**   MENZIES AVIATION (USA) INC., a Corporation

`Summons; Complaint; Alternative Dispute (ADR) package; Civil Case`
`Cover Sheet; First Amended General Order Re Mandatory Electronic`
`Filing For Civil; Notice Of Case Management Conference; Notice Of`
`Case Assignment – Unlimited Civil Case; Voluntary Efficient`
`Litigation Stipulations; Order Pursuant To CCP 1054(a), Extending`
`Time To Respond By 30 Days When Parties Agree To Early`
`Organizational Meeting Stipulation; Civil Case Cover Sheet Addendum`
`And Statement Of Location`

**NATIONWIDE**
LEGAL

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** MENZIES AVIATION (USA) INC., a Corporation
*(AVISO AL DEMANDADO):* and DOES 1 through 50, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** LI ZHANG, an Individual;
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* CHIA JOU LEE, an Individual,

**FILED**
Superior Court of California
County of Los Angeles

08/08/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _____ J. Williams _____ Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles
XXXXXXXXXXXX
XXXXXXXXXXXXXXXXXX

Inglewood Courthouse
One Regent Street
Inglewood, CA 90301

CASE NUMBER:
*(Número del Caso):*
23TRCV02576

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Robert S. Glassman, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
PANISH | SHEA | BOYLE | RAVIPUDI LLP
11111 Santa Monica Boulevard, Suite 700, Los Angeles, CA 90025          310-477-1700

DATE: 08/08/2023   David W. Slayton, Executive Officer/Clerk of Court   Clerk, by _____ J. Williams _____, Deputy
*(Fecha)*                                                               *(Secretario)*                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Robert S. Glassman, Esq./Jonathan H. Davidi, Esq.   SBN: 269816/323761<br>PANISH \| SHEA \| BOYLE \| RAVIPUDI LLP<br>11111 Santa Monica Boulevard, Suite 700, Los Angeles, CA 90025<br>TELEPHONE NO.: 310-477-1700   FAX NO. (Optional): 310-477-1699<br>E-MAIL ADDRESS: rglassman@psbr.law/jdavidi@psbr.law<br>ATTORNEY FOR (Name): Plaintiffs | FOR COURT USE ONLY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>STREET ADDRESS: One Regent Street<br>MAILING ADDRESS: One Regent Street<br>CITY AND ZIP CODE: Inglewood, 90301<br>BRANCH NAME: Inglewood Courthouse | **Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>**8/08/2023 1:05 PM**<br>**David W. Slayton,**<br>**Executive Officer/Clerk of Court,**<br>**By J. Williams, Deputy Clerk** |

CASE NAME: ZHANG, et al. v. MENZIES AVIATION (USA) INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000)    [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 23TRCV02576 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>**(Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[X] Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35)<br>**Employment**<br>[ ] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/Inverse<br>condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint (not specified above) (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition (not specified above) (43) |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 2
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 7, 2023

Robert S. Glassman, Esq.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                                                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

| SHORT TITLE  ZHANG, et al. v. MENZIES AVIATION (USA) INC. | CASE NUMBER  23STCV02576 |
| --- | --- |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
| --- | --- |
| 1.  Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7.  Location where petitioner resides. |
| 2.  Permissive filing in Central District. | 8.  Location wherein defendant/respondent functions wholly. |
| 3.  Location where cause of action arose. | 9.  Location where one or more of the parties reside. |
| 4.  Location where bodily injury, death or damage occurred. | 10.  Location of Labor Commissioner Office. |
| 5.  Location where performance required, or defendant resides. | 11.  Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6.  Location of property or permanently garaged vehicle. | |

| | | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
| --- | --- | --- | --- | --- |
| **Auto Tort** | | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | | ☒ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1,④ |
| | | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE  ZHANG, et al. v. MENZIES AVIATION (USA) INC. | CASE NUMBER  23TRCV02576 |
|---|---|

| | | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | | ☐ 2307 Construction Accidents | 1, 4 |
| | | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE  ZHANG, et al. v. MENZIES AVIATION (USA) INC. | CASE NUMBER 23TRCV02576 |
|---|---|

| | A | B | C |
|---|---|---|---|
| | Civil Case Cover Sheet Case Type | Type of Action (check only one) | Applicable Reasons (see Step 3 above) |
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation        Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE  ZHANG, et al. v. MENZIES AVIATION (USA) INC. | CASE NUMBER  23STCV02576 |
|---|---|

| | | A | B | C |
|---|---|---|---|---|
| | | Civil Case Cover Sheet Case Type | Type of Action (check only one) | Applicable Reasons (see Step 3 above) |
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | | 2, 3, 9 |
| | | ☐ 4304 Election Contest | | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | | 2, 9 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE  ZHANG, et al. v. MENZIES AVIATION (USA) INC. | CASE NUMBER 23TRCV02576 |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☐ 2. ☐ 3. ☒ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: At or near 5625 W. Imperial Highway |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90045 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _____SOUTHWEST_____ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: August 7, 2023 _____

_R. Olaw_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

PANISH | SHEA | BOYLE | RAVIPUDI LLP
ROBERT S. GLASSMAN, State Bar No. 269816
  *rglassman@psbr.law*
JONATHAN H. DAVIDI, State Bar No. 323761
  *jdavidi@psbr.law*
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Telephone: 310.477.1700
Facsimile: 310.477.1699

KOHAN-SEDGH LAW FIRM
SASAN KOHAN, State Bar No. 205464
  *samslaw6@gmail.com*
12121 Wilshire Boulevard, Suite 1111
Los Angeles, California 90025
Telephone: 310.954.8888
Facsimile: 310.954.8880

Attorneys for Plaintiffs

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/08/2023 1:05 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Williams, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, SOUTHWEST DISTRICT

LI ZHANG, an Individual;
CHIA JOU LEE, an Individual,

    Plaintiffs,

    v.

MENZIES AVIATION (USA) INC., a
Corporation and DOES 1 through 50,
Inclusive,

    Defendants.

Case No. 23TRCV02576

**COMPLAINT FOR DAMAGES:**

1. **NEGLIGENCE**
2. **LOSS OF CONSORTIUM**

**DEMAND FOR JURY TRIAL**

COME NOW Plaintiffs, LI ZHANG, an Individual, and CHIA JOU LEE, an Individual, hereafter referred to as ("Plaintiffs") for causes of action against Defendants, MENZIES AVIATION (USA) INC., and DOES 1 through 50, who complain and allege as follows:

## GENERAL ALLEGATIONS

1.    On the morning of May 10, 2022, Plaintiff Li Zhang attempted to lock a container when a heavy materials dropped from a forklift onto his finger, causing Plaintiff to undergo a

---

1
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  surgical amputation.

2       2.      Plaintiff Zhang was a truck driver picking up a load of materials from Menzies

3  Aviation (USA) Inc. ("Menzies Aviation") in Los Angeles, California.  Plaintiff arrived at

4  Menzies, reversed his trailer into the loading dock, and prepared to receive the shipment.

5       3.      DOE 1, a Menzies Aviation employee, began loading materials into the trailer with

6  a forklift.  When DOE 1 was nearly finished loading the materials into the trailer, Plaintiff entered

7  the trailer to securely lock the materials into place.  Plaintiff requested DOE 1 lift the materials

8  with his forklift so that Plaintiff can lock the materials into place.  DOE 1 was supposed to wait

9  for Plaintiff's signal before lowering the heavy materials. Instead, DOE 1 dropped the heavy

10  materials onto Plaintiff's finger and caused Plaintiff's injuries.

11      4.      Plaintiff Zhang was critically injured and required amputation of his right index

12  finger.

13      5.      Plaintiffs are informed and believes, and thereon alleges, that at all times herein

14  mentioned, Defendant, MENZIES AVIATION, and DOES 1 through 50, inclusive, owned, leased,

15  managed, maintained, controlled, entrusted, and operated the premises and machinery.

16      6.      Plaintiff Li Zhang, at all times relevant herein, was a resident of El Monte,

17  California.

18      7.      Plaintiff Chia Jou Lee, at all times relevant herein, was a resident of El Monte,

19  California, and was the lawful spouse of Plaintiff Li Zhang.

20      8.      Plaintiffs are informed and believe, and thereon allege, that Defendant Menzies

21  Aviation is a California business entity authorized to do, and is doing, business in the State of

22  California.  Menzies Aviation is located in Los Angeles, California.

23      9.      The true names and capacities, whether individual, plural, corporate, partnership,

24  associate, or otherwise, of DOES 1 through 50, Inclusive, are unknown to Plaintiffs who therefore

25  sue said Defendants by such fictitious names.  The full extent of the facts linking such fictitiously

26  sued Defendants is unknown to Plaintiffs.  Plaintiffs are informed and believe, and thereon allege,

27  that each of the Defendants designated herein as a DOE was, and is, negligent, or in some other

28  actionable manner, responsible for the events and happenings hereinafter referred to, and thereby

PANISH | SHEA | BOYLE | RAVIPUDI LLP

psbrlaw.com

negligently, or in some other actionable manner, legally and proximately caused the hereinafter described injuries and damages to Plaintiffs.  Plaintiffs will hereafter seek leave of the Court to amend this Complaint to show the Defendants' true names and capacities after the same have been ascertained.

10.    Plaintiffs are informed and believes, and thereon alleges, that at all times mentioned herein, Defendants, and each of them, including DOES 1 through 50, Inclusive, and each of them, were agents, servants, employees, successors in interest, and/or joint venturers of their co-Defendants, and were, as such, acting within the course, scope, and authority of said agency, employment, and/or venture, and that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other defendant as an agent, servant, employee, successor in interest, and/or joint venturer.

## **FIRST CAUSE OF ACTION**

### **(Negligence by Plaintiff LI ZHANG Against All Defendants)**

11.    Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

12.    Defendants MENZIES AVIATION, and DOES 1 through 50, inclusive, owed a duty of care to all reasonably foreseeable people, including Plaintiff LI ZHANG, to own, lease, manage, maintain, control, entrust and operate the subject forklift in a reasonable manner.

13.    At all times mentioned herein, Defendants MENZIES AVIATION and DOES 1 through 50, inclusive, carelessly, negligently, and recklessly owned, leased, managed, maintained, controlled, entrusted, and operated the subject forklift so as to directly, legally, and proximately cause materials to drop from the subject forklift and onto Plaintiff LI ZHANG's person.

14.    Defendants MENZIES AVIATION, and DOES 1 through 50, inclusive, through their careless, negligent, reckless and unlawful conduct in regards to the ownership, lease, management, maintenance, control, entrustment and operation of the subject forklift were each of them the direct, legal and proximate cause of the injuries and damages to Plaintiff LI ZHANG as herein alleged.

15.    As a direct and proximate result of the aforementioned conduct of Defendants

PANISH | SHEA | BOYLE | RAVIPUDI LLP

psbrlaw.com

MENZIES AVIATION, and DOES 1 through 50, inclusive, Plaintiff LI ZHANG suffered catastrophic, life-altering injuries to their health, strength, and activity. Plaintiff LI ZHANG's injuries have caused, and continue to cause, great physical, mental, and nervous pain and suffering. Plaintiff is further informed and believes, and thereon alleges that the general damages to said injuries will result in an amount which will be stated according to proof, pursuant to California Code of Civil Procedure Section 425.10.

16.     As a direct and proximate result of the aforementioned conduct Defendants MENZIES AVIATION, and DOES 1 through 50, inclusive, Plaintiff LI ZHANG employed the services of hospitals, physicians, surgeons, nurses, and the like to care for and treat Plaintiff LI ZHANG, and hospital, medical, professional, and incidental expenses were incurred, of which the exact amount will be stated according to proof, pursuant to California Code of Civil Procedure Section 425.10.

17.     As a direct and proximate result of the aforementioned conduct of Defendants MENZIES AVIATION, and DOES 1 through 50, inclusive, Plaintiff LI ZHANG has incurred economic losses in an amount to be stated according to proof.

18.     As a direct and proximate result of the aforementioned conduct of Defendants MENZIES AVIATION, and DOES 1 through 50, inclusive, Plaintiff LI ZHANG suffered lost earnings, earning capacity, and property damages, the exact amount of such losses to be stated according to proof, pursuant to California Code of Civil Procedure Section 425.10.

## SECOND CAUSE OF ACTION

**(Loss of Consortium by Plaintiff CHIA JOU LEE Against All Defendants)**

1.     Plaintiff re-alleges and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs.

2.     Plaintiff LI ZHANG is, and at all relevant times was, the legal spouse of Plaintiff CHIA JOU LEE.

3.     As a direct and proximate result of Defendants MENZIES AVIATION and DOES 1 through 50, inclusive, negligent conduct as alleged herein, Plaintiff CHIA JOU LEE's spouse suffered severe injury that is permanent in nature and debilitating.

PANISH | SHEA | BOYLE | RAVIPUDI LLP

psbrlaw.com

4.      Before suffering these injuries, Plaintiff CHIA JOU LEE's spouse was able to and did perform the duties of a husband, including assisting in maintaining the home, and providing love, companionship, affection, society, sexual relations, moral support, and solace to Plaintiff CHIA JOU LEE.

19.      As a direct and proximate result of Defendants MENZIES AVIATION and DOES 1 through 50, inclusive, negligent conduct as alleged herein and Plaintiff LI ZHANG's injuries, Plaintiff CHIA JOU LEE's spouse has been unable to perform the duties of a husband.  Because of the permanent nature his injuries, Plaintiff CHIA JOU LEE is informed and believes that her spouse will be unable to perform these duties in the future.  As a result, Plaintiff CHIA JOU LEE has incurred and will continue to incur special and general damages.  The exact amount of such losses will be stated according to proof pursuance to California *Code of Civil Procedure*, Section 425.10.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs LI ZHANG and CHIA JOU LEE pray judgment against Defendants MENZIES AVIATION, and DOES 1 through 50 as follows:

1.      For general damages (also known as non-economic damages), including but not limited to, past and future pain and suffering for the physical, mental, and emotional distress damages suffered by Plaintiffs, in an amount in excess of the jurisdictional minimum, according to proof against Defendants;

2.      For special damages (also known as economic damages), including but not limited to past and future hospital, medical, professional, and incidental expenses as well as past and future loss of earnings, loss of opportunity, and loss of earning capacity, in excess of the jurisdictional minimum, according to proof against Defendants;

3.      For hospital, medical, professional, and incidental expenses suffered by Plaintiff, according to proof against Defendants;

4.      For prejudgment interest, according to proof;

5.      For pre-trial interest, according to proof; and

6.      For such other and further relief as this Court may deem just and proper against

PANISH | SHEA | BOYLE | RAVIPUDI LLP

psbrlaw.com

Defendant.

7.      As to Plaintiff CHIA JOU LEE, for general damages for loss of love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, expectations of future support and counseling, and in the case of Plaintiff CHIA JOU LEE, all to her respective non-economic damages, as well as other benefits and assistance of Plaintiff LI ZHANG, which will be stated according to proof, and beyond the jurisdictional minimum of this Court; in a sum within the jurisdiction of this Court and which will be established according to proof at trial.

DATED: August 7, 2023                    PANISH | SHEA | BOYLE | RAVIPUDI LLP


By: _____
    Robert S. Glassman
    Jonathan H. Davidi
    Attorneys for Plaintiffs


**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury as to all causes of action.

DATED:  August 7, 2023                    PANISH | SHEA | BOYLE | RAVIPUDI LLP


By: _____
    Robert S. Glassman
    Jonathan H. Davidi
    Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Inglewood Courthouse<br>One Regent Street, Inglewood, CA 90301 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>08/08/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ J. Williams _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>23TRCV02576 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Ronald F. Frank | 8 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 08/09/2023
    (Date)

David W. Slayton, Executive Officer / Clerk of Court

By J. Williams_____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

   a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.**
   They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

   b. **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases.
   https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

   c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

**VOLUNTARY EFFICIENT LITIGATION STIPULATIONS**



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

   The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

   *The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | |
|---|---|
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

   i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____  ➢ _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR PLAINTIFF)

Date:

_____  ➢ _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)

Date:

_____  ➢ _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)

Date:

_____  ➢ _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)

Date:

_____  ➢ _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR _____)

Date:

_____  ➢ _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR _____)

Date:

_____  ➢ _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR _____)

[ Print ]    [ Save ]    [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                              FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

      iii.    Be filed within two (2) court days of receipt of the Request; and

      iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

SHORT TITLE:

CASE NUMBER:

**The following parties stipulate:**

Date:

➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR PLAINTIFF)

Date:

➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

Date:

➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

Date:

➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

| Print | Save | | Clear |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                     FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Print      Save      Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine.  Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine.  In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions.  If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues.  For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference.  Each side's portion of the short joint statement of issues may not exceed three pages.  The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date: _____

➤ _____
_____(TYPE OR PRINT NAME)_____ (ATTORNEY FOR PLAINTIFF)

Date: _____

➤ _____
_____(TYPE OR PRINT NAME)_____ (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
_____(TYPE OR PRINT NAME)_____ (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
_____(TYPE OR PRINT NAME)_____ (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
_____(TYPE OR PRINT NAME)_____ (ATTORNEY FOR _____)

Date: _____

➤ _____
_____(TYPE OR PRINT NAME)_____ (ATTORNEY FOR _____)

Date: _____

➤ _____
_____(TYPE OR PRINT NAME)_____ (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

# FILED

LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

|  |  |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court

order.

DATED: _May 11, 2011_                    _Carolyn B. Kuhl_

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )     FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING        )
FOR CIVIL                            )
                                     )
                                     )
                                     )
_____)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5)  ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6)  TECHNICAL REQUIREMENTS

a)  Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image**.**

b)  The table of contents for any filing must be bookmarked.

c)  Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d)  Attachments to primary documents must be bookmarked.  Examples include, but are not limited to, the following:

   i)    Depositions;

   ii)   Declarations;

   iii)  Exhibits (including exhibits to declarations);

   iv)  Transcripts (including excerpts within transcripts);

   v)   Points and Authorities;

   vi)  Citations; and

   vii) Supporting Briefs.

e)  Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f)  Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g)  Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i)   Any printed document required pursuant to a Standing or General Order;

   ii)  Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv)  Demurrers;

   v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi)  Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

1  11) SIGNATURES ON ELECTRONIC FILING

2    For purposes of this General Order, all electronic filings must be in compliance with California

3    Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4    Division of the Los Angeles County Superior Court.

5

6       This First Amended General Order supersedes any previous order related to electronic filing,

7    and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8    Supervising Judge and/or Presiding Judge.

9

10   DATED:  May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL