Jennifer J. Johnston (State Bar No.: 125737)
Email: jjohnston@condonlaw.com
Justin M. Schmidt (State Bar No.: 309656)
Email: jschmidt@condonlaw.com
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030
Facsimile:  (310) 557-1299

Attorneys for Defendant
MENZIES AVIATION (USA) INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LI ZHANG, an Individual;<br>CHIA JOU LEE, an Individual,<br><br>              Plaintiff,<br><br>    vs.<br><br>MENZIES AVIATION (USA) INC., a Corporation and DOES 1 through 50, Inclusive,<br><br>             Defendants. | Case No. 2:23-cv-07585-PA (AGRx)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF MENZIES AVIATION (USA) INC. TO PLAINTIFFS' COMPLAINT FOR DAMAGES** |

Defendant Menzies Aviation (USA) Inc. (hereinafter referred to as "Menzies"), by and through its attorneys of record, Condon & Forsyth LLP, hereby answers the complaint for damages of plaintiffs Li Zhang and Chia Jou Lee (hereinafter "Plaintiffs") as follows:

## AS TO GENERAL ALLEGATIONS

1.    Menzies denies the allegations contained in paragraphs 1, 2, 3 and 4 of Plaintiffs' complaint, except Menzies admits that on May 10, 2022, plaintiff Li Zhang sustained an injury to his right index finger while attempting to set a lock to

1  secure pallets loaded into his truck trailer by a forklift operator employed by
2  Menzies at Los Angeles International Airport.

3      2.    Menzies denies the allegations contained in paragraph 5 of Plaintiffs'
4  complaint, except Menzies admits that it lawfully occupied and operated the cargo
5  warehouse where the incident occurred and controlled and operated the forklift
6  used to load pallets onto plaintiff Li Zhang's truck trailer at the time of the
7  incident.

8      3.    Menzies lacks knowledge or information sufficient to form a belief as
9  to the truth of the allegations contained in paragraphs 6 and 7 of Plaintiffs'
10 complaint and, on this basis, denies the allegations, except Menzies is informed
11 and believes that Plaintiffs are residents of the state of California.

12     4.    Menzies denies the allegations contained in paragraph 8 of Plaintiffs'
13 complaint, except Menzies admits that it is a corporation organized and existing
14 under the laws of the state of Delaware with its principal place of business in Fort
15 Worth, Texas and that it operates a cargo warehouse at Los Angeles International
16 Airport where the incident occurred.

17     5.    The allegations contained in paragraph 9 of Plaintiffs' complaint
18 appear to be directed to parties other than Menzies.  However, to the extent that
19 any of the allegations can be construed against Menzies, Menzies denies the
20 allegations.

21     6.    Menzies denies the allegations contained in paragraph 10 of Plaintiffs'
22 complaint, except Menzies admits that at the time of the incident, it employed the
23 forklift operator who loaded the pallets into Plaintiff Li Zhang's truck trailer.

24

25 AS TO FIRST CAUSE OF ACTION
26 (Negligence by Plaintiff LI ZHANG Against All Defendants)

27     7.    Answering the allegations contained in paragraph 11 of Plaintiffs'
28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

complaint, Menzies repeats, reiterates and re-alleges each and every answer in paragraphs 1 through 6, inclusive, of this answer with the same force and effect as if set forth herein in full.

8.  Menzies denies the allegations contained in paragraphs 12, 13, 14, 15, 16, 17, and 18 of Plaintiffs' complaint.

## AS TO SECOND CAUSE OF ACTION
(Loss of Consortium by Plaintiff CHIA JOU LEE Against All Defendants)

9.  Answering the allegations contained in paragraph 19, erroneously numbered as paragraph 1, of Plaintiffs' complaint, Menzies repeats, reiterates and re-alleges each and every answer in paragraphs 1 through 8, inclusive, of this answer with the same force and effect as if set forth herein in full.

10. Menzies lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20, erroneously numbered as paragraph 2, of Plaintiffs' complaint and, on this basis, denies the allegations.

11. Menzies denies the allegations contained in paragraphs 21, 22 and 23, erroneously numbered as paragraphs 3, 4, and 19, of Plaintiffs' complaint.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION

12. The complaint fails to state facts sufficient to state a cause of action against Menzies upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION

13. Any injuries, damages, or loss sustained by Plaintiffs, if such

ANSWER AND AFFIRMATIVE DEFENSES OF
MENZIES AVIATION (USA) INC. TO PLAINTIFFS'
COMPLAINT FOR DAMAGES
CASE NO.: 2:23-cv-07585

- 3 -

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

occurred, were proximately caused and contributed to by the negligence of plaintiff Li Zhang in that he did not exercise reasonable and ordinary care on his own behalf and acted recklessly or carelessly at the times and places set forth in the complaint. Accordingly, Plaintiffs' recovery, if any, should be reduced by the amount of negligence attributable to the conduct of plaintiff Li Zhang.

### THIRD AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION

14. Plaintiffs' damages, if any, are due to the acts or omissions of persons or entities other than Menzies; however, in the event a finding is made that liability exists on the part of Menzies, Menzies is entitled to indemnity and/or contribution from such persons or entities in direct proportion to their respective fault.

### FOURTH AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION

15. The incident alleged in the complaint, and the damages Plaintiffs allege they sustained as a result of the incident, were due to the negligence or other wrongful acts or omissions of persons or entities other than Menzies; however, in the event that a finding is made that negligence exists on the part of Menzies, which proximately contributed to Plaintiffs' damages alleged in the complaint, the liability of Menzies, if any, should be reduced by an amount proportionate to the amount by which the comparative negligence of such other persons or entities contributed to the alleged incident and damages upon which Plaintiffs seek recovery.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

ANSWER AND AFFIRMATIVE DEFENSES OF MENZIES AVIATION (USA) INC. TO PLAINTIFFS' COMPLAINT FOR DAMAGES
CASE NO.: 2:23-cv-07585
- 4 -

FIFTH AFFIRMATIVE DEFENSE

TO EACH AND EVERY CAUSE OF ACTION

16. The incident alleged in the complaint, and the damages Plaintiffs allege they sustained, were not proximately caused by an act or omission on the part of Menzies.

SIXTH AFFIRMATIVE DEFENSE

TO EACH AND EVERY CAUSE OF ACTION

17. The incident alleged in the complaint, and the damages Plaintiffs alleges they sustained as a result of the incident, if occasioned by fault, are attributable to the conduct of persons or entities that Menzies had no control over at any time relevant hereto.

SEVENTH AFFIRMATIVE DEFENSE

TO EACH AND EVERY CAUSE OF ACTION

18. Plaintiffs' recovery, if any, must be offset by any monies or benefits Plaintiffs have received or will receive, including, but not limited to workers' compensation benefits under California law.

EIGHTH AFFIRMATIVE DEFENSE

TO EACH AND EVERY CAUSE OF ACTION

19. Any injuries, damages, or loss sustained by Plaintiffs, if such occurred, were proximately caused and contributed to by the negligence of the employer of plaintiff Li Zhang in that the employer failed to exercise ordinary care and acted recklessly or carelessly at the times and places set forth in the complaint. Accordingly, Plaintiffs' recovery, if any, should be reduced by the amount of workers' compensation benefits paid to plaintiff Li Zhang up to the amount of the

employer's proportionate share of fault, as provided in <u>Witt v. Jackson</u>, 57 Cal. 2d 57, 17 Cal. Rptr. 369 (1961), modified by <u>Associated Constr. Engineering v. Workers' Comp. Appeals Bd.</u>, 22 Cal. 3d 829, 150 Cal. Rptr. 888 (1978).

<u>NINTH AFFIRMATIVE DEFENSE</u>

<u>TO EACH AND EVERY CAUSE OF ACTION</u>

20. Plaintiffs failed to exercise reasonable care and diligence to mitigate their damages, if any, and on this ground, Plaintiffs are barred from asserting their claims against Menzies.

<u>TENTH AFFIRMATIVE DEFENSE</u>

<u>TO EACH AND EVERY CAUSE OF ACTION</u>

21. The injuries and damages allegedly suffered by Plaintiffs were caused by intervening and superseding causes, not caused by Menzies.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

<u>TO EACH AND EVERY CAUSE OF ACTION</u>

22. Plaintiffs' conduct bars Plaintiffs from any recovery herein by virtue of the equitable doctrine of laches.

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

<u>TO EACH AND EVERY CAUSE OF ACTION</u>

23. Plaintiffs' damages, if any, are the result of violations by plaintiff Li Zhang of applicable statutes, ordinances, and/or regulations, and such violations are the proximate cause of Plaintiffs' alleged damages.

### THIRTEENTH AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION

24. Plaintiffs' complaint is barred because plaintiff Li Zhang knowingly, voluntarily and freely assumed the risk or hazard of all activities alleged in Plaintiffs' complaint, and each alleged cause of action contained therein, which assumption of risk or hazard was the proximate cause of Plaintiffs' alleged damages, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION

25. Plaintiffs' claims are barred because plaintiff Li Zhang failed to exercise reasonable and ordinary care to avoid an obvious danger to the extent such a danger existed.

### FIFTEENTH AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION

26. Pursuant to the provisions of the Fair Responsibility Act of 1986, commonly referred to as Proposition 51, and codified at Civil Code § 1431.1, *et seq.*, Plaintiffs are barred and precluded from recovery against Menzies for any non-economic damages except those allocated to Menzies in direct proportion to its percentage of fault, if any such fault or damages are found to exist.

### SIXTEENTH AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION

27. If Plaintiffs have received remuneration or compensation for some or all of their claimed economic losses, Menzies is entitled to have Plaintiffs' awards, if any, reduced by the amount of said remuneration or compensation.

## SEVENTEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

28. The complaint and each and every cause of action alleged in the complaint are barred, in whole or in part, because Menzies's conduct was in conformity with and was pursuant to statutes, governmental regulations and industry standards based upon the knowledge existing at the time of such conduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

29. The incident alleged in the complaint, and the damages Plaintiffs allege they sustained as a result of the incident, if occasioned by fault, are attributable to the conduct of third persons or entities that Menzies had no control over at any time relevant hereto.

## NINETEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

30. Menzies denies all of the material allegations of the complaint and each and every claim and cause of action contained therein as such pertains to Menzies, and denies that Menzies is liable to Plaintiffs for the damages alleged in the complaint. If, however, the allegations of the complaint are determined to be true, Menzies is informed and believes and thereon alleges that parties both served and unserved, named and unnamed, are in some manner or percentage responsible for any damages of Plaintiffs and Menzies requires an order from the trier of fact setting forth the percentage of fault of each and every party named and unnamed, served and unserved.

## TWENTIETH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

31. Menzies reserves its right to assert additional defenses or amend its defenses as disclosures, discovery, and investigation are completed.

WHEREFORE, defendant Menzies Aviation (USA) Inc. respectfully requests that Plaintiffs take nothing by this action against it, that the action against Menzies Aviation (USA) Inc. be dismissed with prejudice and that the Court grant to Menzies Aviation (USA) Inc. costs and other relief as it deems just and proper.

Dated: September 18, 2023                CONDON & FORSYTH LLP


By: */s/ Jennifer J. Johnston*
    JENNIFER J. JOHNSTON
    JUSTIN M. SCHMIDT
    Attorneys for Defendant
    MENZIES AVIATION (USA) INC.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

ANSWER AND AFFIRMATIVE DEFENSES OF
MENZIES AVIATION (USA) INC. TO PLAINTIFFS'
COMPLAINT FOR DAMAGES
CASE NO.: 2:23-cv-07585

- 9 -