JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-7585 PA (AGRx) | Date | September 19, 2023 |
|---|---|---|---|
| Title | Li Zhang, et al. v. Menzies Aviation (USA) Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Miriam Baird |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jonathan Davidi (video) | Justin Schmidt (video) |

**Proceedings:** STATUS CONFERENCE via ZOOM

Court and counsel confer concerning the Notice of Removal filed by defendant Menzies Aviation (USA) Inc. ("Defendant"). Defendant alleges that this Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). On September 19, 2023, the Court held a telephonic hearing with counsel for the parties to determine whether diversity jurisdiction over this action exists. For the reasons stated below, the Court finds that Defendant has failed to plausibly allege that this Court has subject matter jurisdiction over this action.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must plausibly allege that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000 both at the time of the filing of the action and at time of removal. See 28 U.S.C. § 1332; see also Academy of Country Music v. Continental Cas. Co., 991 F.3d 1059, 1068 (9th Cir. 2021). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the place they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 23-7585 PA (AGRx) | Date | September 19, 2023 |
|---|---|---|---|
| Title | Li Zhang, et al. v. Menzies Aviation (USA) Inc., et al. | | |

business. See 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

In the Notice of Removal, Defendant alleges that Plaintiffs are "residents and citizens of the State of California," citing to Plaintiffs' Complaint. (Notice of Removal at ¶ 5.) Plaintiffs' Complaint, however, merely alleges that Plaintiffs are residents of El Monte, California. (Compl. ¶¶ 6–7.) Here, Defendant's allegations concerning Plaintiffs' citizenship are insufficient to plausibly allege Plaintiffs' citizenship because the Complaint on which the Notice of Removal relies alleges only where Plaintiffs "reside," and an individual is not necessarily domiciled where he or she resides. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857. As a result, Defendant's allegations related to Plaintiffs' citizenship are insufficient to invoke this Court's diversity jurisdiction.

At the status conference, Defendant's counsel was asked if Defendant had any evidence concerning Plaintiffs' citizenship and was given an opportunity to supplement the allegations in the Notice of Removal. Defendant proffered no additional sufficient facts or argument in support of the Court's exercise of subject matter jurisdiction over this action. The Court having waived Local Rule 6-1 barring oral motions, Plaintiffs' counsel moved to remand the action to the Los Angeles County Superior Court based on Defendant's failure to adequately allege a basis for the Court's subject matter jurisdiction in the Notice of Removal. The Court grants Plaintiffs' Motion to Remand. Accordingly, this action is hereby remanded to Los Angeles County Superior Court, Case Number 23TRCV02576, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

| | : | 07 |
|---|---|---|
| Initials of Preparer | | kss |